IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WISEMAN OIL CO., INC., ESTATE OF JOSEPH WISEMAN, ESTATE OF RUTH N. WISEMAN, EILEEN FANBURG, AS EXECUTRIX | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 011-1011 |
| TIG INSURANCE CO. F/K/A TRANSAMERICA INSURANCE CO. | ) ) ) ) | Chief Magistrate Judge Lisa Pupo Lenihan ECF Nos. 39, 45 |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the court is a Motion to Bifurcate and Stay filed by the Defendant, as well as a Motion to Compel Discovery filed by the Plaintiffs. In support of its Motion to Bifurcate, the Defendant argues that no bad faith claim can be raised until the Plaintiffs prove either the existence of an insurance policy, and/or, that if a policy existed, it would have provided coverage to Plaintiffs under the circumstances alleged. If there is either no policy or no coverage, then there can be no bad faith. Defendant argues that discovery on the bad faith claim has been and will continue to be extensive and burdensome and asks, in the interest of judicial economy, to bifurcate the case and first decide the prerequisite issues before reaching the issue of bad faith.

Plaintiffs argue that the issues are inextricably linked and that the Motion is simply an attempt to prolong and obstruct discovery. Plaintiffs have also filed a Motion to Compel

Discovery responses, some of which the Court addressed at Oral Argument on the Motion for Judgment on the Pleadings, and some of which remain pending and will be addressed below.

The Court agrees that bifurcation, in the form of staying the bad faith claim until the prerequisite issues are decided, would better serve the interests of judicial economy. Defendant has proposed a phasing of motions in this case. The proposal is to, for the sake of argument (and without waiving the defense), admit the existence of a policy for the Plaintiffs. Defendant proposes to further assume that it would have been the standard policy form for comprehensive general liability insurance. The parties would conduct necessary discovery on that issue, and dispositive motions would then be filed.

In accordance with the case proceedings to date, Defendant's dispositive motion should be predicated (for summary judgment purposes) on an assumption that Defendant had issued policies for the years of coverage claimed and (a) provide Defendant's support for its contention that, under usual practices, any particular policy form was or would have been the policy form used; and (b) address defenses to coverage under the terms of that policy, or any policy forms identified by Plaintiff as potentially applicable. The Court expects Defendant's briefing to address its contentions regarding a pollution exclusion and issues related to the identities of the persons sued, and any other coverage issues it wishes to interpose as a complete defense to this action, obviating consideration of a bad faith claim. If it is Defendant's position that the absence of coverage was, under the applicable standard of law, sufficiently clear at the time of tender (or any other relevant time) to excuse it from a duty to *defend* as well as an ultimate duty of indemnification, its pleading should address this contention.

Plaintiffs should, conversely, present – under the potentially applicable policy/ies identified, evidence that a particular policy *is* the applicable policy and that its terms encompass

coverage in the underlying case or, alternatively, that the question of coverage was sufficiently possible to give rise to a duty to defend. The Court expects Plaintiffs' briefing to address, among other matters, their contentions regarding estoppel based on Defendant's communications with the Pennsylvania Insurance Department.[1]

In accordance with the above ruling, Plaintiffs' Motion to Compel is granted in part and denied in part. The Court has already ruled that the deposition of Carol Salvatore may proceed. It also ruled that the Defendant should produce its Claims Manual; however, Defendant requested an *in camera* review of the claims manual and is objecting to its production on the basis of relevance and privilege. The Court will address that below. That portion of the Motion to Compel requesting discovery on an issue other than the bad faith claim (*i.e.*, the above noted deposition and Manual) is granted. The remainder of the Motion to Compel is denied without prejudice. Discovery will be stayed except as narrowly necessary to the briefing ordered above. Should plaintiff survive the summary judgment motions, the bad faith claim may then be pursued and discovery on that issue will be reopened.

The Court will now address Defendant's arguments regarding the Claims Manual. In the Defendant's Motion for *in camera* review, Defendant argues, first, that the Claims Manual is irrelevant to any issue in the case and second, that it is subject to privilege on the basis that it was prepared by its attorneys and contains certain mental impressions and opinions of its attorneys. ECF No. 52 ¶9. The Court will first address the relevancy argument. The Manual contains a number of chapters detailing how certain portions of claims are to be handled. These chapters

---

[1] Cf. Simon Wrecking, 350 F.Supp.2d at 641 (discussing determination of whether regulatory estoppel should apply in interpreting coverage of insurance policies, including effect of insurers' alleged representations to Pennsylvania Insurance Department that revised language in comprehensive general liability policies would not result in any significant decrease in coverage, and questions of agency reliance); UTI Corp., 896 F.Supp. at 371-72 (noting genuine issue of equitable estoppel as to asserted pollution exclusion based on insured's reasonable expectations and insurers representations that exclusion was intended to clarify coverage previously afforded by other policies, *i.e.*, to maintain coverage for pollution damage arising from unexpected or unintended events).

include a portion on the definition of latent claims, including hazardous waste claims, which are involved in this case; confirmation of coverage including whether or not a policy was issued; what documents are sufficient to establish the existence of a policy; and whether or not the policy itself provides coverage for a claim. At minimum, these portions appear to be very relevant to the claims in this case. Coverage is the issue that will be decided preliminarily, and, should the claim survive, the determination of whether or not a policy exists and how to make that determination is relevant to the bad faith claim. Although the Court is agreeing to bifurcate, it sees no reason to carve out portions of the Claims Manual that would be relevant now as opposed to those that would be relevant later.

To address the second argument of attorney-client privilege, the document, entitled "Claims Handling Guidelines 2006" is stamped on every page with the following: "Privileged and Confidential Contains Attorney Work Product." The purpose of attorney-client privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). The person who asserts the privilege bears the burden of proving it applies to a given document. *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.,* 227 F.R.D. 383, 390 (W.D. Pa. 2005). "A corporation may claim the privilege for communications between counsel and its employees who have authority to act on its behalf." *In re Ford Motor Co.,* 110 F.3d 954, 965 (3d Cir. 1997) (overturned on other grounds). In order for the attorney–client privilege to apply, the communication must be for the purpose of obtaining legal advice. *Id*. It does not appear, however, that the document must deal solely with legal advice. In the *Ford* case, the documents in question dealt with both business and legal issues and the Court found that they were protected. *Id.* at 966. For purposes

of this review, the Court will apply what it will call the "primarily legal" test: the document must deal primarily - but not solely- with legal issues, as opposed to business issues. Conversely, the privilege does not shield documents just because they were "transferred to or routed through an attorney," or because an attorney was copied on a document. *Smithkline Beecham Corp.v. Apotex Corp.,*232 F.R.D. 467, 478 (E.D. Pa. 2005).

As stated above, the attorney-client privilege stamp appears on every page of the document. If this were an acceptable method of claiming privilege then a company could simply instruct its employees to mark every document in this manner and thereby not produce anything. The rule of this Circuit is that the document must, at minimum, be "infused with legal concerns and…reached after securing legal advice." *Ford Motor* at 966. In its review, the Court did not see anything that constituted pure legal advice. The majority of the Manual is simply procedural instructions for claims managers as to how to handle claims, including term definitions. It does provide guidance on coverage decisions, investigations and evaluations of claims, but again, the guidance does not contain privileged legal advice; it is more of a blueprint for the claims managers as to how to do their job. Based upon this, the Court stands by its earlier ruling that the Claims Manual should be produced. See, *e.g.*, Platt v. Fireman's Fund Ins. Co., 2011 WL 5598359 (E.D. Pa. Nov. 16, 2011) (granting Motion to Overrule Objections and Compel Response to Request for Production, including insurer's claims manual); id. at *2 (collecting cases); Robertson v. Allstate Ins. Co., 1999 WL 179754, *6 (E.D. Pa. Mar. 10, 1999) (ordering production of "claims or procedure manuals setting forth company practices or policies" regarding handling of related claims).

Therefore,

**IT IS HEREBY ORDERED** that the Motion to Bifurcate at ECF No. 39 is **GRANTED;**

**IT IS FURTHER ORDERED** that the Motion to Compel at ECF No. 45 is **GRANTED** in part and **DENIED** in part as set forth above. A scheduling order will follow.

Dated: May 22, 2012

_____
Lisa Pupo Lenihan
United States Chief Magistrate Judge