IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WISEMAN OIL CO., INC.,<br>ESTATE OF JOSEPH WISEMAN,<br>ESTATE OF RUTH N. WISEMAN,<br>EILEEN FANBURG, AS<br>EXECUTRIX<br><br>          Plaintiffs,<br><br>          v.<br><br>TIG INSURANCE CO. F/K/A<br>TRANSAMERICA INSURANCE<br>CO.<br><br>          Defendant. | <br><br><br><br><br><br><br><br><br>Civil Action No. 011-1011<br>U.S. District Judge Joy Flowers Conti<br>Chief Magistrate Judge Lisa Pupo Lenihan<br>ECF No. 64, 67, 69 |

## **MEMORANDUM ORDER**

The complaint in the above-captioned case was received by the Clerk of Court and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The January 22, 2013 Report and Recommendation (the "Report") (ECF No. 101) recommended that the motion for summary judgment (ECF No. 69) filed by defendant TIG Insurance Co. ("Defendant") be denied, the motion for partial summary judgment on defendant's duty to defend (ECF No. 64) filed by Wiseman Oil Co., Inc., Estate of Joseph Wiseman, Estate of Ruth N. Wiseman, Eileen Fanburg, as Executrix ("Plaintiffs") be granted in part and denied in part, and Plaintiffs' motion for partial summary judgment on the issue of regulatory estoppel (ECF No. 67) be denied as moot.   More particularly, the Report recommended that Plaintiffs' motion for

partial summary judgment on defendant's duty to defend be granted in part because the putative policy terms did not clearly exclude, under the applicable standards, potential insurance coverage with respect to the underlying litigation, but would have given rise to a duty to defend on the part of Defendant. It concluded that neither the putative policy definitions applicable to potential insureds nor policy exclusions (or any other putative policy language before this court) would abrogate – under the relevant record - Defendant's duty to defend.[1]

Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen days to file any objections. Objections were filed to the Report by Defendant on February 13, 2013 (ECF No. 104); Plaintiffs filed a response to the objections on February 26, 2013 (ECF No. 105); and Defendant filed a further reply by leave of court on March 6, 2013 (ECF No. 111).

After review of the pleadings and documents in the case (including the transcript of the oral argument before the magistrate judge on the motions), and Defendant's lengthy objections to the Report, the Plaintiffs' response and Defendant's reply thereto, together with the lengthy Report itself, this court observes that the Defendant raises, in essence, the same arguments which were already appropriately addressed and resolved in the Report. In the interest of clarity, the court further observes that it reviewed the four corners of the Fourth Amended Complaint (the "CERCLA Complaint") in the CERCLA action and finds that the CERCLA Complaint is sufficient – under the appropriate standard and as explained at length in the Report – to ground this

---

[1] The magistrate judge noted the express reservation – at Defendant's request - of the legal determination about the existence of the policies.

court's decisions on the pending motions.[2] More specifically, Defendant would prefer the court to apply a standard by which it is excused from a duty to defend unless coverage is definitively or expressly within the language of the underlying complaint. Defendant's preference is, however, not in accord with the governing law, which invokes a duty to defend where the general language of the complaint does not expressly rule out – that is, where it leaves open the possibility of – insurance policy coverage. See, *e.g.*, Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005); Air Prods. & Chems., Inc. v. Hartford Acc. & Indem. Co., 25 F.3d 177, 179-80 (3d Cir. 1994). The insurer effectively asks the court to read into paragraph 81 of the CERCLA Complaint the word "only" or "solely."[3] This court may not and will not do so.[4] If the CERCLA Complaint had contained that language, defendant would be correct. The CERCLA Complaint, however, does not contain the requested limitation sought by Defendants and thus the CERCLA Complaint on its face does not exclude the possibility that the Estates of Joseph and Ruth Wiseman were being

---

[2] See Report and Recommendation at 16-17 (recommending the court find "the language of the CERCLA Complaint sufficient basis on which to deny Defendant's asserted entitlement to summary judgment on grounds that the Underlying Litigation was unequivocally outside potential coverage afforded"); id. at 26 (noting same, and also recommending that the CERCLA Complaint be held a sufficient basis on which to grant in part Plaintiff's motion for partial summary judgment on the question of Defendant's duty to defend).

[3] For Defendant's position to prevail paragraph 81 of the CERCLA Complaint would have to include the following bracketed language:
> The Estates of Joseph Wiseman and Ruth Wiseman . . . are named as defendants [only or solely] because Joseph Wiseman and Ruth Wiseman, husband and wife, jointly owned all or portions of the real property on which the Breslube Penn Site is located between 1972 and 1982, when Wiseman Road Oil and/or Wiseman Oil Company ("Wiseman Oil") collected and stored waste oil on the property and/or operated a waste oil recycling operation on the property.

[4] The court rejects Plaintiffs' reiterated assertions that the individual Plaintiffs and their incorporated family business were "one and the same." Those assertions are legally incorrect and also irrelevant to the analysis at hand.

sued in light of Joseph and Ruth Wiseman's covered capacities, i.e., as executive officers, directors or shareholders of Wiseman Oil Co., Inc.

Accordingly, the following Order is entered:

**AND NOW**, this 19th day of March, 2013,

**IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment (ECF No. 69) be denied.

**IT IS FURTHER ORDERED that** Plaintiffs' Motion for Partial Summary Judgment on Defendant's Duty to Defend (ECF No. 64) be granted in part and denied in part, as set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED that** Plaintiffs' Motion for Partial Summary Judgment on the Issue of Regulatory Estoppel (ECF No. 67) be denied as moot.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 101) of Chief Magistrate Judge Lisa Pupo Lenihan dated January 22, 2013, is adopted as the opinion of the court.

*/s/ Joy Flowers Conti*
Joy Flowers Conti
United States District Judge

Cc: All Counsel of Record
*Via Electronic Mail*